**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

ADT SERVICES, AG, et al.,

      Plaintiffs,

v.                                    Case No.  10-2197

THOMAS BRADY, et al.,

      Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO DISMISS**

The home security company ADT sued a competitor, The Alarm Company, and some of its principals and employees (together, "The Alarm Company") for allegedly stealing, by elaborate subterfuge, ADT customers.  The Alarm Company counterclaimed for breach of contract and for "libel, slander, [and] trade disparagement." ADT moved to dismiss.  A January 2011 order dismissed the claim for breach of contract but allowed the other claim, construed as a defamation claim, to proceed.  A year later the action was, within three months, twice assigned to a new judge; and ten months after that, in January 2013, ADT amended the complaint.  In its new answer, The Alarm Company claimed to "fully incorporate" their counterclaims.  (Dkt. # 170 at 23.)  After ADT again moved to dismiss, however, The Alarm Company clarified that they renew only the defamation claim.  The issue at hand is whether the new judge should dismiss the defamation claim or instead follow the previous judge's January 2011 order.  The matter is fully briefed, and no hearing is needed.  *See* W.D. Tenn. LR 7.2(d).

A district judge may typically reconsider an interlocutory order at any time. *United States v. Dunbar*, 357 F.3d 582, 592-93 (6th Cir. 2004), *vacated on other grounds*, 125 S.Ct. 1029 (2005); 18 Moore, et al., *Moore's Federal Practice* § 134.21[1] (3d ed. 2012). There is much to be said, however, for avoiding "the agitation of settled issues," *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988), and adhering to a "simple principle of disciplined self-consistency," 18B Wright & Miller, et al., *Federal Practice & Procedure Juris.* § 4478 (2d ed. 2012), during an action. In particular, a new judge should not allow a party to use the old judge's departure as a chance to put to a general test the body of decided matters. Unless the moving party raises a plain error (or, perhaps, a pressing issue, such as jurisdiction), the previous judge's rulings should govern. *See Moses v. Bus. Card Express*, 929 F.2d 1131, 1137 (6th Cir. 1991). This discretionary respect for the "law of the case" promotes efficient and predictable litigation.

Had it believed that the previous judge plainly erred, ADT could have moved for reconsideration of the January 2011 order. Had it moved for reconsideration, the motion probably would have failed. The argument ADT raises now—that the main allegedly defamatory statement was not directed at The Alarm Company—first appears in ADT's reply defending its first motion to dismiss. An argument introduced by a reply is waived. *E.g. Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008). And in fact ADT never moved for reconsideration. It looks, therefore, like ADT raises not a plain error but, at most, a potentially debatable issue, likely waived, for which it wants a fresh opinion. That is not enough to upset the law of the case. *See Moses*, 929 F.2d at 1137.

2

Moreover, ADT's argument is unimpressive.  An ADT attorney said in a press release that ADT should "aggressively pursue cases against people who lie, mislead and harass unsuspecting victims."  (Dkt. # 22, Ex. B.)  "Read in context," ADT says, the statement does not address The Alarm Company.  (Dkt. # 171 at 2.)  In its brief, however, ADT alters the context of the attorney's statement by removing its quote marks and attaching it to the preceding paragraph.  From these redactions arises a manufactured sense that the statement merely builds on the paragraph before it.  Actually, the attorney's statement is the press release's last sentence and, "read in context," it appears to summarize the article—which is wholly about The Alarm Company.  Even if one accepted ADT's reasoning (while rejecting its editing), its argument still wobbles.  The paragraph before the attorney's statement reads, "Last summer, ADT announced it was initiating legal action against individual salespeople who commit deceptive sales practices.  ADT has received complaints from consumers in at least 22 states."  (Dkt. # 22, Ex. B.)  This paragraph follows five paragraphs discussing the alleged perfidy of The Alarm Company.  The idea conveyed is that The Alarm Company comprises some of the deceptive salespeople being sued and, therefore, that The Alarm Company employs some of the people who, according to ADT's attorney, "lie, mislead, and harass."  Indeed, the only specific "people" in the article who might "lie, mislead, and harass" work for The Alarm Company.  ADT identifies no plain error.

The defamation claim has its weaknesses.  Most prominently, although several witnesses accuse The Alarm Company of guile and deceit, no allegation in the counterclaim explains why ADT's attorney, in making his statement, could not rely on

the witnesses.  This is a point ADT displayed to the previous judge but, again, only in a reply.  ADT does not address the point now, except to the extent it purports to raise all its old arguments by reference.  Proposing to "incorporate" something "by reference" is often—as The Alarm Company showed earlier—both insouciant and imprudent, *see*, *e.g.*, *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 452-53 (6th Cir. 2003), and it is a useless device here.  The law of the case is not open to omnibus review.

Accordingly, IT IS ORDERED that ADT's motion to dismiss [Dkt. # 171] is DENIED.


 s/Robert H. Cleland_____
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE


Dated:  April 9, 2013


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 9, 2013, by electronic and/or ordinary mail.

 s/Lisa Wagner_____
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\10-2197TN.ADT.Dismiss.ckb.wpd