**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

ADT SERVICES, AG, et al.,

    Plaintiffs,

v.                                                               Case No. 10-2197

THOMAS BRADY, et al.,

    Defendants.

                                                        /

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION TO COMPEL**

On July 22, 2013, after seeking leave by the court to do so, Plaintiffs filed a motion to compel completion of discovery. (Pg. ID # 2183.) In their motion, Plaintiffs argued that Defendants have repeatedly ignored their discovery obligations, provided inadequate responses to reasonable requests for production, and failed to supplement their Rule 26 disclosures, in violation of Federal Rule of Civil Procedure Rule 26(e).

After considering the litigation history of this case, the court agrees that Defendants have failed to comply with their discovery obligations. The court will order Defendants to produce most, but not all, of the discovery categories Plaintiffs identify. Specifically, Plaintiffs have shown a need as to the following categories of records and documents:

    (a) Any and all documents or records related to customer complaints received by Defendants or third parties relating to Defendants' sales practices;

    (b) Any and all documents or records related to investigations or actions related to Defendants' sales practices, or to communications related to

those sales practices;

(c)  All client lists for clients acquired from 2012 to present;

(d)  Supplemental responses to all previous discovery requests by Plaintiffs pursuant to Fed. R. Civ. P. 26(e).

Any request for discovery material beyond these categories is denied.

The court is not persuaded that Plaintiffs have shown a need for damages expert at this time. Therefore, the court will deny without prejudice Plaintiffs' request for leave to designate a damages expert. However, the court will require Defendants to describe by affidavit the efforts they have made to locate and produce responsive documents and records, and to state that they have completed production of all records and documents in their custody or control that correspond to any of the above categories. Defendants will expressly state if they have no responsive supplemental documents regarding each of Plaintiffs' prior discovery requests. If, after reviewing that affidavit, Plaintiffs continue to assert that Defendants' responsive production is inadequate or incomplete, the court may consider a renewed motion to designate a damages expert at that time, as well as a motion for sanctions. See Fed R. Civ. P. 37(b)(2)(A). Accordingly,

IT IS ORDERED that Plaintiffs' motion to compel, [Dkt. # 184], is GRANTED IN PART and DENIED IN PART.

IT IS GRANTED IN PART in that Defendants are DIRECTED to produce by **February 28, 2014**, (1) records and documents in their custody or control responsive to the four categories listed above and (2) an affidavit certifying that their production with respect to the above categories is complete, as well as describing their efforts to

produce responsive documents and records.

      IT IS DENIED IN PART, WITHOUT PREJUDICE, as to Plaintiffs' request for leave to designate a damages expert.

                                       s/Robert H. Cleland  
                                       ROBERT H. CLELAND  
                                       UNITED STATES DISTRICT JUDGE

Dated: January 29, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 29, 2014, by electronic and/or ordinary mail.

                                       s/Lisa Wagner  
                                       Case Manager and Deputy Clerk  
                                     (313) 234-5522