# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

ADT SERVICES AG and ADT SECURITY
SERVICES, INC.,

      Plaintiff,

v.                                    Case No.  10-2107

THOMAS BRADY, *et al.*,

      Defendants.

_____/

## OPINION AND ORDER GRANTING MOTION TO INTERVENE

This case is set for trial beginning September 15, 2014.  On August 15, 2014,

Scottsdale Insurance Company ("Scottsdale") filed a complaint seeking a declaratory

judgment ("the declaratory action") against Defendants The Alarm Company, LLC,

Thomas Brady, Susan Brady, and Lance Woods (collectively, "Defendants").  *See*

*Scottsdale Insurance Company v. The Alarm Company, et al.*, No. 14-02646 (W.D.

Tenn.).  In the declaratory action, Scottsdale claims that it issued a series of insurance

policies to The Alarm Company, and agreed to provide a defense to Defendants for

ADT's claims.  Scottsdale states that it did not replace Defendants' counsel, but instead

"agreed to pay reasonable costs for counsel who had been previously retained by

Defendants, subject to its reservation of rights."  (Dkt. # 218, Pg. ID 2890.)  Scottsdale

seeks a declaration that it does not have an obligation to defend or indemnify

Defendants.

On August 20, 2014, Scottsdale filed a motion to intervene in the instant action

"for the limited purpose of being heard on the jury verdict form after Plaintiffs and

Defendants have presented their case and the proof is closed." (*Id.*) Scottsdale asks that it be allowed to address the court, outside of the jury's presence, for the sole purpose of proposing additional jury interrogatories that it believes may help clarify the issues presented to the jury. Scottsdale anticipates proposing specific interrogatories for each of ADT's claims asking (in the event of a verdict in favor of Plaintiffs) the jury to state whether it had awarded damages on each of ADT's six claims, and whether it found that Defendant's actions were willful, intentional, deliberate, false, or malicious. Lastly, Scottsdale also requests that it be permitted to inspect admitted exhibits during recess. It does not ask to be heard on any pretrial motions, engage in any discovery, extend any deadlines, sit at either counsel's table during trial, or be introduced to the jury. For the following reasons, the court will grant Scottsdale's motion.

Federal Rule of Civil Procedure 24(b)(1)(A) allows the court, on a timely motion, to permit any third party to intervene who "has a claim or defense that shares with the main action a common question of law or fact." However, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The Sixth Circuit explains:

> To intervene permissively, a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact. Once these two requirements are established, the district court must then balance undue delay and prejudice to the original parties . . . and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed.

*United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005). "Rule 24 should be broadly construed in favor of potential intervenors." *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000).

Defendants concede that the declaratory action shares common questions of fact with the instant action, and they do not argue that the motion to intervene is untimely. Specifically, if the jury concludes that Defendants' alleged actions did indeed take place, and were willful, intentional, deliberate, false, or malicious, such findings would be relevant to the court's interpretation of Scottsdale's insurance contracts with Defendants. However, Defendants oppose Scottsdale's request to intervene,[1] arguing that allowing Scottsdale to do so will prejudice their rights because it will create a conflict of interest for the lawyers currently representing Defendants. Defendants further claim that the better course of action would be to stay the pending declaratory action, and reopen proceedings in that matter after the present case is concluded.

Scottsdale and Defendants cite *Frank Betz Associates, Inc. v. J.O. Clark Construction, L.L.C.*, No. 3:08-cv-00159, 2010 WL 2375871 (M.D. Tenn. June 4, 2010), as instructive. In *Betz*, an insurance company filed a motion to intervene for the proposed limited purpose of submitted special interrogatories to the jury. Like the present case, the insurance company had been providing a defense to the defendants under a reservation of rights. Unlike the present case, it was the plaintiff, rather than the defendants, who opposed the insurance company's intervention.

---

[1] Plaintiffs have not opposed Scottsdale's motion to intervene.

After concluding that the insurance company's motion was timely, the *Betz* court denied the motion to intervene on the basis of potential prejudice to the defendants, noting that its decision was based in large part on the factual scenario presented by the case. *Id.* at *2. The court reasoned that because the insurer was providing a defense to the defendants under a reservation of rights, there would be a potential for interference in the defendants' defense if the insurer were permitted to propose special juror interrogatories that would be against the defendants' interest. Additionally, the insurer had not produced a copy of its insurance policy to the court or identified common questions of law or fact, thereby failing to satisfy its burden under Rule 24. The court further observed that it typically used "fairly detained verdict forms that ask the jury to assess liability for each separate cause of action" thereby obviating the need for additional special interrogatories. *Id.* at *3. Lastly, the court noted that the insurer had not filed a declaratory judgment action in advance of seeking to intervene in the case, and had not explained why such an action would not efficiently and effectively dispose of its dispute with the defendants. *Id.*

Other courts which have considered the issue have relied largely on the facts of the individual case, resulting in predictably mixed outcomes. *See, e.g., Thomas v. Henderson*, 297 F. Supp. 2d 1311, 1326–27 (S.D. Ala. 2003) (remarking that "scant federal precedent" on the matter is "decidedly mixed," and permitting limited intervention by insurer); *Nieto v. Kapoor*, 61 F. Supp. 2d 1177, 1194–95 (D.N.M. 1999) (rejecting motion for intervention and reasoning that allowing insurer intervention would provide the insurer at "a double bite at escaping liability"); *Travelers Indemnity Co. v.*

*Dingwell*, 884 F.2d 629, 639 (1st Cir. 1989) (affirming district court's rejection of insurer's claim to intervention as of right, and reasoning that allowing insurer to intervene would have given it the ability to "interfere with and in effect control the defense"); *Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 877 (2d Cir. 1984) (stating that although the district court did not abuse its "broad discretion" by denying a motion to intervene on timeliness grounds, "it would likewise not have been an abuse of discretion had the trial judge permitted the insurer to intervene under Rule 24(b)(2) for the limited purpose or proposing interrogatories to the court for submission to the jury."); *Fid. Bankers Life Ins. Co. v. Wedco, Inc.*, 102 F.R.D. 41, 44 (D. Nev. 1984) (allowing limited intervention, but cautioning that the court would retain the discretion regarding whether to submit special interrogatories to the jury); *Plough, Inc. v. Int'l Flavors & Fragrances, Inc.*, 96 F.R.D. 136, 137 (W.D. Tenn. 1982) (same).

The risk of prejudice to Defendants' defense appears low. In contrast to *Betz*, the parties in this case have agreed that the declaratory action has similar issues of law and fact with the instant case. (*See* Dkt. # 220-1, Pg. ID 3479.) In its motion to intervene, Scottsdale explains that it seeks to ensure that the jury clearly articulates which causes of action (if any) it finds in favor of Plaintiffs, whether the causes of action involved certain types of willful behavior, and that it also state the amount to which it finds Plaintiffs are entitled under each of ADT's claims. Scottsdale reiterates that it anticipates that the court will serve as an intermediary for said interrogatories, and all parties will be given a chance to be fully heard outside the presence of the jury. (Dkt. # 218-1, Pg. ID 2901.) Further, Scottsdale is represented by different counsel than

Defendants, thereby obviating the risk of prejudice to Defendants' interests. Again, Scottsdale is quick to clarify that it is *not* seeking to sit at any counsel's table, be introduced to the jury, or conduct any arguments in the jury's presence. And unlike in *Betz*, Scottsdale has filed a declaratory action against Defendants, provided copies of its relevant insurance polices to the court, and fully explained how and why it believes that special interrogatories would assist in the efficient and effective disposition of the declaratory action.

In other words, the court is unconvinced that Defendants face a substantial risk of prejudice or interference with their defense if Scottsdale is permitted to intervene for the purposes outlined in its motions. Defendants will be free to place their objections (if there are any) on the record once Scottsdale proposes its special interrogatories at the conclusion of the case. The court remains free to accept or reject any of the interrogatories proposed by the parties or Scottsdale, and it would be premature to rule that proposed interrogatories are prejudicial to either party without having observed how the evidence develops at trial. Lastly, like the court in *Betz*, the court frequently employs detailed verdict forms asking the jury to make specific factual findings regarding each claim by a plaintiff—damages will be similarly delineated and specified. Simply put, it may come to pass that there is no dispute between the parties or Scottsdale as to the verdict form the court ultimately submits to the jury. Again, the parties will be free to register their objections to the court's jury instructions at a later

date.  Given the extremely limited purpose for which Scottsdale seeks to intervene, the court will grant its motion.[2]  Accordingly,

IT IS ORDERED that Scottsdale's motion to intervene (Dkt. # 218) is GRANTED. Scottsdale will be permitted, at the close of evidence and outside the presence of the jury, to submit special jury interrogatories to the court.  The parties will have an opportunity to object to these proposed interrogatories, and the court will hear further argument on the matter at that time.  During trial, Scottsdale's counsel will not be introduced to the jury, examine witnesses, or sit at either counsels' tables.  Counsel for Scottsdale will instead be permitted as a passive observer of the court proceedings, as are all members of the public.

 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 8, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 8, 2014, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

---

[2] Because the court grants Scottsdale's motion for permissive intervention under Rule 24(b), it does not address whether Scottsdale meets the more stringent standard for intervention of right under Rule 24(a).