**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| ADT LLC and ADT US HOLDINGS, INC., | Civil Action No. 2:10-cv-02197-RHC-tmp |
| Plaintiffs, | The Honorable Judge Robert H. Cleland |
| v. | |
| THOMAS BRADY, SUSAN BRADY, LANCE WOODS and THE ALARM COMPANY, LLC, | JURY TRIAL DEMANDED |
| Defendants. | |

## AGREED PERMANENT INJUNCTION

This matter having come before the Court on the agreed motion of plaintiffs ADT LLC and ADT US Holdings, Inc., and defendants Thomas Brady, Susan Brady, Lance Woods and The Alarm Company, LLC, and the Court without making any findings or ruling, but on the agreement of the parties, it is this 15th day of September, 2014, hereby

ORDERED and ADJUDGED that defendants Thomas Brady, Susan Brady, Lance Woods, and The Alarm Company, LLC, and The Alarm Company LLC's owners, members, managers, agents, servants, employees, independent contractors, officers, directors, attorneys, partners, subsidiaries, affiliated entities, successors and assigns, or any transferee of the businesses or assets of any of the foregoing, or any privately-held entity now or in the future owned in whole or in part by Thomas Brady, Susan Brady, or Lance Woods, or controlled by any of them (collectively, "TAC"), and those acting by, for, on behalf of, or in active concert with any of these defendants, (collectively together, "Enjoined Persons") be and hereby are immediately and permanently hereafter enjoined with respect to the plaintiffs, ADT LLC and

ADT US Holdings, Inc., and their affiliated entities, successors and assigns, (collectively, "ADT") as follows:

1. The Enjoined Persons shall not make any false statement, and shall not train any of their agents to make any false statement, regarding the function, performance, capabilities, specification, features, requirements, reliability, availability, or design of any ADT customer's equipment, security systems, or services, or to misrepresent to any ADT customer that such customer's ADT security system is outdated or deficient.

2. The Enjoined Persons shall not solicit or otherwise induce any sales agents or others who are employed by ADT, or by any ADT authorized dealer, at the time of the solicitation or inducement to terminate their relationship with ADT or to accept employment with any Enjoined Person.

3. Each Enjoined Person (except Lance Woods) agrees to be bound by the "Mutual Compromise And Settlement Agreement, and Mutual Release Of All Claims" signed by Susan Brady on April 18, 2008, and lodged in the record of this action at DE 43-3, and, in particular, agrees not to solicit ADT subscribers of any sort, without regard to the time or manner in which ADT acquired the subscribers, within the geographic area described in that Agreement, for so long as that restriction operates by the Agreement's terms.

4. The Enjoined Persons and their agents shall:

   a. Carry and display an accurate photo identification card stating a TAC affiliation when meeting prospective customers in person;

   b. Truthfully and clearly identify themselves to prospective customers by name, their company by name, and the purpose of their solicitation to the prospective consumer at the initiation of a sales presentation, without request from the consumer;

      c.   Not identify themselves to prospective customers as being from "the alarm company" or "the security company," notwithstanding the incorporated name of defendant The Alarm Company, LLC;

      d.   Be properly licensed and registered in compliance with all applicable laws, ordinances and regulations;

5.      The Enjoined Persons, directly or by their sales agents, shall not falsely state or imply, or teach others falsely to state or imply, any of the following to a potential customer;

      a.   That ADT is going out of business or is in financial difficulty;

      b.   That ADT does not exist;

      c.   That ADT is changing or has changed its company name;

      d.   That the Enjoined Persons are acquiring, merging with, have been taken over by, or are part of ADT;

      e.   That the Enjoined Persons are acting on behalf of, or are otherwise acting with the consent or approval of ADT;

      f.   That the Enjoined Persons are, or represent, a "sister" company of ADT;

      g.   That the Enjoined Persons manufacture the equipment used by ADT, or that the Enjoined Persons are from, represent, or are visiting on behalf of an alarm equipment manufacturer, including but not limited to General Electric, Honeywell or 2Gig;

      h.   That the Enjoined Persons are performing routine maintenance on ADT's equipment;

      i.   That any change proposed during a sales solicitation is an "update" or "upgrade" of an existing system when such a transaction requires an agreement with a person, company, or entity different than the consumer's existing ADT alarm system or ADT alarm monitoring service agreement;

      j.   That the Enjoined Persons, or any other entity, are "taking over' the monitoring of an ADT account or has purchased an ADT account from ADT;

      k.   That ADT is not, or has stopped, monitoring alarm systems for particular persons, residences, businesses, neighborhoods or areas;

      l.   That ADT will no longer be able to monitor or service the alarm system for that person, residence, or business;

m. That the Enjoined Persons are affiliated with, have the endorsement of, or are in any manner acting at the direction of any governmental or law enforcement agency;

   n. That statistics or other information is accurate which is known to be false or misleading, and which the Enjoined Persons have not made a reasonable effort to objectively quantify or substantiate;

   o. Make any other statement or representation to any current or former customers of ADT in the marketing or sale of an alarm system that the Enjoined Persons or their sales agents know to be false when made; and it is further

ORDERED and ADJUDGED that upon any apparent breach or violation of any term of this Agreed Permanent Injunction by any Enjoined Person, ADT will notify the Enjoined Person of the violation. If the violation is not cured to ADT's satisfaction within ten days of the notice, ADT may file a motion or proceeding with this Court to adjudicate the parties' respective rights and responsibilities under this Agreed Permanent Injunction. By agreement of the parties, all parties waive their right to a jury, and no party may demand a jury to decide any of the claims or defenses presented at any such motion or proceeding. By agreement of the parties, the prevailing party in any such motion or proceeding shall be awarded its attorney fees and all costs incurred in it. In any such motion or proceeding, the Court reserves the right to grant ADT its damages as well as such further equitable relief as the Court finds appropriate in the circumstances; and it is further

ORDERED and ADJUDGED that this Injunction binds the Enjoined Persons immediately and permanently. This Court retains exclusive jurisdiction to hear and decide any

requests to construe, enforce, modify or dissolve the Injunction, upon notice to ADT, or to hear and decide any disputes otherwise arising from any Enjoined Person's compliance with it.

SO ORDERED.

Dated: September 15, 2014

s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE